# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> BRANDON PATRICK CALMESE, <br><br> Defendant. | Case No. CR09-0015 <br><br> ORDER FOR PRETRIAL DETENTION |

On the 8th day of April, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Marti S. Sleister. The Defendant appeared personally and was represented by his attorney, Jane Kelly.

## RELEVANT FACTS

On March 18, 2009, Defendant Brandon Patrick Calmese was charged by Indictment (docket number 1) with two counts of distribution of crack cocaine. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on June 8, 2009.

Cedar Rapids Police Officer Nathan Juilfs, who is currently assigned to the DEA Task Force, testified regarding the facts underlying the instant charges. On January 18, 2008, a confidential informant ("CI") called Defendant and arranged for the purchase of crack cocaine. The CI was driven to the location by an undercover officer. The CI entered Defendant's vehicle and purchased seven individual bags of crack cocaine for $100. The total weight was 1.15 grams. A similar controlled buy was conducted on January 28, 2008, with the CI purchasing six baggies of crack cocaine for $100. The total

1

weight was .79 grams. On cross-examination, Officer Juilfs agreed that one gram of crack cocaine represents "user quantity."

According to the pretrial services report, Defendant is 31 years old. Defendant grew up in Chicago, but moved to Cedar Rapids in 2003. Although he has never been married, Defendant has three children from three separate relationships. Defendant's two daughters live with him and his girlfriend, and his son resides in Cedar Rapids with the boy's mother.[1]

Defendant quit school in the 10th grade, but told the pretrial services officer that he earned an A.S. Degree from Lincoln Trail College while he was in prison. Defendant is unemployed and does not have any substantial work history. Apparently, his sole source of income is $1,300 in "survivors benefits" received monthly by his daughters following the death of Defendant's grandmother.[2] Defendant has no history of medical or mental health problems. Defendant admitted to the daily use of marijuana and last smoked marijuana on the morning of his arrest.

Defendant has a substantial prior criminal record. In June 1997, at the age of 20, Defendant was arrested in Illinois for "conspiracy to sell under the age of 18." In October 1997, while the first charge was pending, Defendant was arrested for "carry possess firearm in public place." On December 17, 1997, Defendant was sentenced to prison for four years and two years, respectively, on those two charges. Defendant was paroled, however, on May 14, 1998, after approximately five months.

---

[1] There is some confusion in the Court's mind regarding whether Defendant lives with his two daughters, or with one of his daughters and a step-daughter. According to the pretrial services report, Defendant's youngest daughter, age 11, lives with her mother in Chicago. Defendant's oldest daughter, age 16, and his "step-daughter," age 14, apparently live with Defendant and his girlfriend.

[2] Apparently, Defendant's grandmother adopted Defendant's oldest daughter and step-daughter. The children came to live with Defendant following his grandmother's death.

On April 16, 1999, while on parole, Defendant was arrested for robbery and aggravated battery in a public place. Ten days later, on April 26, 1999, Defendant was arrested for involuntary manslaughter/reckless homicide and aggravated DUI causing great bodily harm. Apparently, Defendant was driving drunk and became involved in an accident in which a person was killed. In May 2000, Defendant was sentenced to prison for five years and two years on those two charges, to be served concurrently. Defendant's parole on the earlier charges was also revoked. Defendant was paroled from prison the second time on July 18, 2003.

Following his release in prison in July 2003, Defendant apparently moved to Iowa. In March 2005, Defendant was arrested in Linn County, Iowa on a charge of "fugitive from justice" in Illinois. Defendant waived extradition and he returned to Illinois, where his parole was revoked on April 13, 2005. Defendant was discharged from prison on July 8, 2005.

In 2006, Defendant was convicted, in separate incidents, of carrying weapons and public intoxication. In 2007, Defendant was convicted of two charges of interference of official acts involving separate incidences. On the second charge, the Defendant failed to appear and a warrant was issued for his arrest. In 2008, Defendant was convicted of possession of a controlled substance and, in a separate incident, with possession of a controlled substance-second offense, and interference with official acts. On the first possession charge, Defendant failed to appear and a warrant was issued for his arrest.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).

3

It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with distribution of crack cocaine, one of the offenses found in § 3142(f)(1). The Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court

must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with two counts of distribution of crack cocaine. The weight of the evidence would appear to be substantial. The controlled buys were monitored by an undercover officer. Defendant has a history of drug and alcohol abuse and he admits to using marijuana on a daily basis. Defendant has lived in Cedar Rapids for approximately five years and currently resides with his girlfriend and his two daughters. Defendant is not employed and apparently relies on Social Security benefits received on his daughters' behalf. Defendant has a substantial criminal record and has been sent to prison on two separate occasions. On each occasion, Defendant violated his parole when he was initially released. In 2005, Defendant was arrested in Iowa for an Illinois parole violation. Since moving to Iowa, Defendant has been convicted of at least one offense every year, including three convictions for interference with official acts since June 2007. On two of those occasions, Defendant failed to appear and it was necessary to issue a warrant for his arrest. Defendant was convicted of carrying weapons in 2006. The Court is not confident that Defendant would comply with any terms or conditions of release which may be imposed.

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable

5

presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

    4.    The time from the Government's oral motion to detain (April 6, 2009) to the filing of this Ruling (April 8, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 8th day of April, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA